IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR GRIFFIN | : | CIVIL ACTION |
| v. | : | |
| EDWARD KLEM, et al | : | NO. 05-3009 |

**REPORT AND RECOMMENDATION**

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**                    October    19th   , 2005

This is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at the Mahanoy State Correctional Institution at Frackville, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

**FACTS AND PROCEDURAL HISTORY:**

On April 8, 1999, a jury, sitting before the Honorable Willis W. Berry, Jr., found Griffin guilty of robbery, aggravated assault, carrying a firearm without a license, and possession of an instrument of crime. The charges arose from an incident that occurred on a Septa bus on September 30, 1998. According to eyewitness testimony, shortly after boarding the bus, Griffin confronted Lisa Casurra, a 26 year old woman who was riding on the bus. Griffin demanded Ms. Casurra's purse and when she refused, Griffin shot her in the chest. (N.T. 4/6/99, 434-38). Fortunately, Ms. Casurra survived the attack. However, she suffered permanent injuries to her left hand as a result of the gunshot wound. (N.T. 4/7/99, 572).

On June 1, 1999, Judge Berry sentenced Griffin to 13½ - 27 years' incarceration. Griffin filed a direct appeal, claiming that the trial court should have instructed the jury on the crimes of second degree robbery and second degree aggravated assault, rather than giving them only the instructions on first degree. He also claimed the evidence was insufficient to sustain the robbery

conviction and that the robbery conviction was against the weight of the evidence. On August 31, 2000, the Superior Court affirmed the judgments of sentence, finding the weight of the evidence claim was waived and the remainder of the claims were without merit. Commonwealth v. Griffin, 2062 EDA 1999. Griffin did not seek discretionary review in the Pennsylvania Supreme Court.

On June 25, 2001, Griffin filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"). After an amended petition was filed by court appointed counsel, the PCRA Court denied the petition. On appeal to the Superior Court, Griffin claimed that his trial counsel was ineffective for failing to challenge the weight of the evidence supporting the robbery conviction in a post-verdict motion. On December 22, 2004, the Superior Court affirmed the denial of collateral relief. Commonwealth v. Griffin, 511 EDA 2003. The Pennsylvania Supreme Court denied allocatur on April 28, 2005. Commonwealth v. Griffin, 16 EAL 2005.

On June 23, 2005, Griffin filed this petition for habeas corpus, claiming:

1. The evidence was insufficient to support the robbery conviction;

2. The trial court erred in failing to charge the jury on second degree robbery, denying the petitioner his due process rights;

3. The trial court erred in failing to charge the jury on second degree aggravated assault, denying the petitioner his due process rights; and

4. Trial counsel was ineffective in failing to file a post-sentence motion, alleging that the robbery conviction was against the weight of the evidence.

**DISCUSSION:**

Because Griffin presented all four of his claims either on direct or collateral review in the state courts, the claims are considered exhausted for purposes of habeas corpus. Therefore, we will proceed to address each of the claims on the merits.

    A. <u>Sufficiency of the Evidence</u>

Griffin first complains that the evidence was insufficient to sustain the conviction for robbery because the victim testified that she did not recall Griffin trying to take anything from her, and, in fact, nothing was taken from her. In reviewing challenges to the sufficiency of the evidence, the question for the habeas court is "whether, after reviewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Sullivan v. Cuyler</u>, 723 F.2d 1077, 1083-84 (3d Cir. 1983)(quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)) (emphasis in original).

Pursuant to Pennsylvania law, a person is guilty of first degree robbery if, "in the course of committing a theft, he . . . inflicts *serious* bodily injury upon another [or] threatens another with or intentionally puts him in fear of immediate *serious* bodily injury. . . ." 18 Pa.C.S.A. § 3701(a)(1)(emphasis added). Although the victim testified that she did not remember Griffin saying anything about her bags or demanding them, (N.T. 4/5/99, 382-83), Wayne Witherspoon, who was sitting diagonally from Ms. Casurra on the bus, testified that Griffin pulled out a gun and told the victim to "give me your shit." (N.T. 4/6/99, 437). When she refused, Griffin said, "you think I'm playing," and pulled the trigger, shooting Ms. Casurra in the chest. (N.T. 4/6/99, 437). Additionally, Mr. Witherspoon stated that, once Ms. Casurra fell after being shot, Griffin continued his attempt to take the purse, but the victim would not let it go. (N.T. 4/6/99, 437-38). This evidence, as the Superior Court noted in disposing of this claim, was sufficient to support

the conviction for robbery, despite the victim's inability to remember exactly what happened when "somebody was standing in [her] face with a gun." (N.T. 4/5/99, 383).

### B. Failure to Charge on Second Degree Robbery and Aggravated Assault

In his next two claims, which are related, Griffin complains that the trial court failed to instruct the jury on the crimes of robbery and aggravated assault as felonies of the second degree. Rather, the court provided instructions for robbery and aggravated assault of the first degree only. When the state courts addressed these issues, they found that the court committed no error because the evidence presented at trial supported the charges of robbery and aggravated assault of the first degree, not the second degree.

In responding to the petition for habeas corpus, the District Attorney first argues that in non-capital cases there is no federal constitutional right to a jury instruction on lesser-included offenses, or at the very least, that there is no clearly established Federal law requiring a lesser-included offense instruction in non-capital cases. Thus, argues the District Attorney, the state court's determination was not "contrary to . . . clearly established Federal law, as determined by the Supreme Court," as is required for habeas corpus relief. 28 U.S.C. § 2254(d).

In Beck v. Alabama, 447 U.S. 625 (1980), the Supreme Court held that "a capital defendant is entitled to a lesser included offense instruction if there is evidence in the record to support such an instruction." Gilmore v. Taylor, 508 U.S. 333, 360 (1993). The Court left open the question of whether instructions on lesser-included offenses were required in non-capital cases. Id. After Beck, the Supreme Court decided Schad v. Arizona, 501 U.S. 624 (1991), in which the Court focused on the gravity of the punishment in Beck. "Our fundamental concern in Beck was that a jury convinced that the defendant had committed some violent crime but not

4

convinced that he was guilty of a capital crime might nonetheless vote for a capital conviction if the only alternative was to set the defendant free with no punishment at all." Schad, at 646.

Although, even after the decision in Schad, the Supreme Court left open the question of Beck's applicability to non-capital cases, see Gilmore, at 360, the Third Circuit has observed that Schad casts doubt on the theory that due process requires the court to instruct on lesser-included offenses in non-capital cases. See Geschwendt v. Ryan, 967 F.2d 877, 884 n.13 (3d Cir. 1992). We find no need to enter this foray because, as the state courts found, the evidence presented at trial clearly supported charging the jury on robbery and aggravated assault of the first degree, not second. See Khalif v. Hendricks, _ F.Supp.2d _, 2005 WL 2397227 *20 (D.N.J. Sep. 28, 2005) (quoting Kontakis v. Beyer, 19 F.3d 110, 118 (3d Cir. 1994)("Nothing in Beck permits us to grant habeas relief when a state court refuses to charge a jury that it may convict a defendant for an offense when under state law the evidence could not justify the conviction.")).

In this case, with respect to the robbery charge, the Superior Court explained that the focus in differentiating first and second degree robbery is on the degree of bodily harm threatened. Commonwealth v. Griffin, 2062 EDA 1999, at 4. As previously discussed in the disposition of the sufficiency of the evidence claim, according to Pennsylvania law, a person is guilty of first degree robbery if, "in the course of committing a theft, he . . . inflicts *serious* bodily injury upon another [or] threatens another with or intentionally puts him in fear of immediate *serious* bodily injury. . . ." 18 Pa.C.S.A. § 3701(a)(1)(emphasis added). 18 Pa.C.S.A. § 3701(a)(1)(emphasis added). Second degree robbery occurs "if, in the course of committing a theft, he . . . inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(iv).

"Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. "Bodily harm," requires only "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. The Superior Court concluded that the evidence supported the greater, not lesser charge with respect to robbery.

> Here, the evidence established that Griffin threatened Casurra with a handgun as he attempted to take her purse. . . . Griffin did not merely simulate possession of a handgun; he possessed, displayed, and actually discharged his weapon. . . . Because the evidence could only support a conclusion that Griffin intended to place Casurra in mortal fear of a deadly weapon, we conclude that the trial court properly declined to instruct the jury on the crime of robbery as a felony of the second degree. Accordingly, we cannot grant Griffin relief on this claim.

Commonwealth v. Griffin, 2062 EDA 1999, at 6.

As the Superior Court concluded, the fact that Griffin shot the victim in the chest, resulting in her resuscitation and arterial surgery, see N.T. 4/7/99, 571-72, clearly established *serious* bodily injury under state law. Because the Superior Court's determination of the facts was consistent with the eyewitness testimony, see supra, at 3-4, and was not unreasonable, Griffin is not entitled to habeas corpus relief.

Griffin's claim regarding an instruction for second degree aggravated assault suffers a similar fate. Like first and second degree robbery, aggravated assault is graded by the degree of bodily injury attempted or inflicted - first degree requiring *serious* bodily injury. Again the Superior Court concluded that Griffin clearly intended and caused serious bodily injury.

> The stipulated medical records revealed Casurra sustained a close range gunshot wound. . . . The bullet entered Casurra's left chest below the collarbone and exited three centimeters above the left shoulder blade. . . . As a result of her wound, Casurra had to be resuscitated using advanced cardiac life support. . . .

6

> The bullet caused the blockage of the brachial artery, which is the chief artery in the upper arm. . . . Following surgery to repair the artery, Casurra was placed in the surgical intensive care unit. . . . As a result of her injuries, Casurra never regained the full use of her left hand.
>
> Thus, the evidence presented at trial could only establish that Griffin intended to and caused serious bodily injury. There is no evidence that Griffin merely intended to cause "bodily injury." Accordingly, we conclude that the trial court did not err or abuse its discretion when it declined to instruct the jury regarding aggravated assault as a second-degree felony.

Commonwealth v. Griffin, 2062 EDA 1999, at 7-8.

The Superior Court's conclusion is absolutely reasonable considering the evidence presented at trial. Thus, Griffin is not entitled to habeas relief on this claim.

### C. Ineffective Assistance of Counsel

Finally, Griffin complains that his trial counsel was ineffective for failing to file a post-verdict motion arguing that the verdict was against the weight of the evidence. The state courts concluded that the underlying issue, the challenge to the weight of the evidence, was without merit. Thus, counsel could not be found ineffective for failing to file a claim found to be without merit. Commonwealth v. Griffin, 511 EDA 2003, at 4-5. We agree.

In order to be found ineffective, counsel's representation must have been deficient and the deficient performance must have prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984). Applying this concept to trial counsel's failure to present a specific issue on appeal, the Supreme Court has held "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000)(citing Jones v. Barnes, 463 U.S. 745 (1983)). Focusing on Strickland's prejudice requirement, the Third Circuit has held that counsel cannot be deemed ineffective for failing to present a meritless argument at

trial or failing to bring a meritless claim on appeal.  Parrish v. Fulcomer, 150 F.3d 326, 327 (3d Cir. 1998).

The weight of the evidence is governed by state law and is ordinarily not subject to habeas review unless the record is "completely devoid of evidentiary support" resulting in a due process violation.  Douglas v. Henricks, 236 F.Supp.2d 412, 435-36 (D.N.J. 2002).  Pursuant to Pennsylvania law, a weight of the evidence claim requires the defendant to establish that the verdict was "so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative."  Commonwealth v. Hunter, 554 A.2d 550 (Pa.Super. 1989).  After discussing the evidence, the state courts determined that any challenge to the weight of the evidence would have been fruitless.  In fact, both the trial court and Superior Court noted that Griffin's case was "crystal clear."  Commonwealth v. Griffin, 511 EDA 2003, at 4 (quoting PCRA Court opinion, 4/6/04, at 4). After reviewing the evidence, as previously discussed, see supra, at 1, 3, 6, we find no error in the state courts' application of state law.  The evidence clearly supports the state courts' conclusion.

Because Griffin's underlying claim was meritless, counsel cannot be considered ineffective for failing to challenge the weight of the evidence on appeal.  Parrish, supra.

For the foregoing reasons, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 19th day of October, 2005, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be denied. There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. Based on a review of the petition and in light of this Recommendation, IT IS ALSO RECOMMENDED that the Motion for Appointment of Counsel be DENIED.

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR GRIFFIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EDWARD KLEM, et al | : | NO. 05-3009 |

**O R D E R**

ANITA B. BRODY, J.,

AND NOW, this           day of                      , 2005, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DENIED.

3. The Motion for Appointment of Counsel is DENIED

4. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
ANITA B. BRODY, J.